[Civ. No. 2434. First Appellate District.—September 10, 1918.]

P. H. HOARE, Respondent, v. MERRIE A. GLANN, Executrix, etc., Appellant.

CONTRACT—STREET WORK—ASSIGNMENT—NOTICE—RESCISSION.—Where the person to whom a contract to do certain street work had been awarded assigned it to another with the consent of the town trustees, the assignment providing that in the event of the failure of the assignee to prosecute the work under said contract to the satisfaction of the town engineer or town trustees, then, upon written notice to the assignor from the town trustees to the effect that the contract was not being properly carried out, that the interest of the assignee under the contract should cease and determine, and that the assignor might take up the work and finish it, and that he would be subrogated to all of the claims and rights of the assignee under the contract, and subsequently upon the failure of the assignee to prosecute the work to the satisfaction of the town trustees, they passed a resolution to that effect and caused the same to be served on both the assignor and the assignee, such notice did not constitute a rescission of the contract between the assignor and the assignee.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Henry Conlin, for Appellant.

B. D. Marx Greene, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action for damages for breach of contract. The plaintiff was awarded a judgment against the defendant in the lower court, and the defendant has appealed on the judgment-roll.

On the second day of January, 1913, the town of Larkspur awarded a contract to the plaintiff, P. H. Hoare, to do certain street work; later, on the same date, with the consent of the board of trustees of said town, the plaintiff assigned his contract to N. P. Glann; by its terms the contract of assignment was made subject to all the terms, provisions, and conditions contained in the specifications and in the original contract entered into between the town of Larkspur and the plaintiff, P. H. Hoare. In the contract of assignment it was provided that in the event of the failure of Glann to prose-

cute the work under said contract to the satisfaction of the engineer of the town of Larkspur, or the satisfaction of the board of trustees of the town, then, upon written notice to Hoare from the board of trustees, to the effect that said contract was not being properly carried out, that the interest of Glann under the contract should cease and determine, and that Hoare might take up the work and finish it, and that he would be subrogated to all of the claims and rights of Glann under the contract with the town of Larkspur. The Fidelity & Deposit Company of Maryland thereupon executed a bond to P. H. Hoare for the faithful performance of Glann's contract. N. P. Glann did not prosecute the work under the contract to the satisfaction of the board of trustees of Larkspur, and on the eighteenth day of August, 1913, the board of trustees passed a resolution to that effect, and immediately caused the same to be served on Glann and Hoare. P. H. Hoare upon receipt of the notice immediately notified the board of trustees that he was willing to take up the work and finish the same, and was authorized by the board of trustees to do so. Thereupon P. H. Hoare entered upon the performance of the work, and completed the work at an extra cost amounting to $2,869.51, the amount for which the plaintiff recovered judgment. Thereafter, on the fifth day of November, 1914, N. P. Glann died, and such proceedings were had that the action was continued against the executrix of his estate.

The defendant executrix contends that the notice by the board of trustees which it gave on the eighteenth day of August, 1913, constituted a rescission of the contract between Glann and Hoare. This point is presented in several different ways in the brief. We are not inclined to agree with this view. The notice was no broader than the contract expressly provided for, and therefore did not constitute an act of rescission. (*Oursler* v. *Thacher,* 152 Cal. 739, [93 Pac. 1007].)

We are, therefore, of the opinion that the judgment of the lower court should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1918.